# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY GUTIERREZ,<br><br>        Plaintiff,<br><br>    v.<br><br>HAROLD TATE, et al.,<br><br>        Defendants. | Case No. 1:14-cv-02077-AWI-SAB-PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302. Currently before the Court is Plaintiff's complaint, filed December 29, 2014.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at High Desert State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at CCI Tehachapi. Plaintiff names the following individual defendants: Harold Tate, M.D.; Dr. Nguyen, M.D.; CCI Warden K. Holland. Plaintiff claims stem from the denial of his request for a therapeutic diet while housed at CCI.

Plaintiff alleges that while housed at the Stanislaus County Jail in 2009, he was evaluated by a physician, and placed on a vegetarian diet that did not include any preservatives. Plaintiff alleges that when he consumed food with preservatives, he had an allergic reaction. Plaintiff also alleges that he is allergic to processed meat, cheese and soy. Plaintiff alleges that the allergic

1  reactions he suffered did not allow him to "proceed with daily functions, exercise, interact with
2  cellmate or others." (Compl. 8:7.)   Plaintiff was transferred to the Deuel Vocational Institution
3  in June of 2011.  Plaintiff was placed on a regular diet.  Plaintiff alleges that as a result, he lost
4  40 pounds due to his inability to eat the food provided.  In November of 2011, Plaintiff was
5  transferred to Corcoran State Prison, where he was authorized a vegetarian diet.

6        Plaintiff was transferred to Salinas Valley State Prison in September of 2012, and did not
7  experience any problems with a vegetarian diet until September of 2013, when prison officials
8  began serving processed dairy cheese, which caused Plaintiff to have an allergic reaction.
9  Plaintiff alleges that he "filed to M.D., Food Manager, through grievance process with negative
10 results depriving Plaintiff of proper diet." (Id. 8:19.)

11       On March 7, 2014, Plaintiff was transferred to CCI Tehachapi.  Plaintiff alleges that he
12 was denied a vegetarian diet until June of 2014.  Plaintiff alleges that at some point, he received
13 a meal which had preservatives in it, causing an allergic reaction.  Plaintiff alleges that he
14 "notified floor staff to notify medical staff with negative results." (Id. 8:27.)   Plaintiff refers to
15 an unspecified defendant, alleging that "Defendant said nothing in his records indicated Plaintiff
16 was allergic to any food and that Defendant would have to view this reaction in order to
17 accommodate Plaintiff's meals." (Id. 10:8-9.)  Plaintiff advised the Defendant that while he was
18 at the Stanislaus County Jail, he was diagnosed by a medical doctor with allergies to food
19 preservatives.  Plaintiff continues to refer generally to "the Defendant," alleging that he became
20 argumentative and asked Plaintiff to leave the appointment (Plaintiff does not specify when the
21 appointment was).

22       Plaintiff expressed his concerns to the chaplain and the food services manager, both of
23 whom told Plaintiff that to "the only one who would be reliable to substitute and order substation
24 would be Doctor Tate." (Id. 10:22.)   Plaintiff was scheduled to see Dr. Tate on June 10, 2014.
25 Plaintiff alleges that Dr. Tate failed to evaluate or examine Plaintiff.  Dr. Tate referred Plaintiff
26 back to the food manager.  Plaintiff referred Dr. Tate to the Chaplain's response to his inmate
27 request.  Plaintiff also refers to a chrono "that indicates when allergic reaction accures [sic]
28 inmate is to be immediately brought to the medical office to be evaluated." (Id. 11:5.)  Plaintiff

advised Dr. Tate of what specific foods caused a reaction. The complaint lists the foods in detail. Plaintiff alleges that Dr. Tate refused to review the list of menu items Plaintiff presented to him. Plaintiff requested to be tested for Allergies. Dr. Tate denied Plaintiff's request. Dr. Tate did, however, conduct blood tests which came back negative.

Plaintiff continued to seek "further evaluation" during a committee meeting with correctional counselors, a captain, a psychologist, and the Warden. (Id. 12:20.) Plaintiff alleges that he was advised to contact the Community Resource Manager regarding his diet. Plaintiff continued to send numerous requests to medical officials, staff, and others. Plaintiff alleges that the officials were non-responsive.

Plaintiff alleges that on an unspecified date, he complained to staff that he suffered an allergic reaction after eating breakfast and dinner. Staff treated him with Benadryl. Plaintiff alleges that Benadryl does not address his allergies, it only makes him drowsy. Plaintiff continued to file inmate grievances and health care appeals, which were denied.

Plaintiff alleges that he had an appointment with Dr. Nguyen. Plaintiff alleges that Dr. Nguyen agreed to substitute certain menu items that Plaintiff was concerned about. Plaintiff alleges that the substitutions did not occur, and he was seen again by Dr. Nguyen. Plaintiff alleges that at this second appointment, he advised Plaintiff that he could not substitute or accommodate any meals. Plaintiff alleges that Dr. Nguyen's advice to him was to not eat the foods that cause a reaction. Plaintiff alleges that as a result, he only eats the bread that is served. Plaintiff alleges that he ate eight pieces of bread each day, causing him to gain weight. Plaintiff alleges that, due to his dietary restrictions, he could not exercise.

The Court notes that Plaintiff has attached to his complaint copies of his health care grievances, and the responses to them.[1] The response at the Second Level, dated May 5, 2014, indicates that it was determined that since Plaintiff's incarceration in June 2011, he never had an accommodation chrono for a special diet. The response indicates that there is currently no

---

[1] **Error! Main Document Only.** The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

clinical confirmation of Plaintiff's stated allergy to nitrates/nitrites and, as such, Plaintiff's request for a kosher diet was denied. Plaintiff was directed to continue discussions with the Chaplain for a kosher diet for personal religious reasons.

## III.

## DISCUSSION

### A. Eighth Amendment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)(quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002)(citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

"The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12 F.3d 1444, 1445 (9th Cir. 1993); see also Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000); Keenan v. Hall, 83 F.3d 1083, 1090 (9th Cir. 1996)(amended by 135 F.3d 1318 (9th Cir. 1998).

Here, Plaintiff has failed to allege any facts indicating that any of the Defendants knew that Plaintiff faced a substantial risk of serious harm. Although Plaintiff alleges in great detail his dietary concerns, he fails to allege that a medical professional at CDCR has diagnosed him with a specific food allergy that would authorize the diet that Plaintiff seeks. That Plaintiff was accommodated at the Stanislaus County Jail and at other prisons does not establish that Plaintiff was subjected to an objectively serious risk to his health. Plaintiff's allegations indicate that, in his opinion, he suffers from an allergic reaction to processed foods. Plaintiff's own exhibits indicate that there is no clinical basis for Plaintiff's self-diagnosis.

Further, the facts alleged indicate that Dr. Tate subjected Plaintiff to a blood test, which came back negative for allergies. Plaintiff is advised that "A difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012)(citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). The only named Defendants are Dr. Tate, Dr. Nguyen and Warden Holland. The facts alleged indicate that Dr. Tate and Dr. Nguyen saw Plaintiff, and refused to authorize a special diet on medical grounds. The only conduct charged to Warden Holland is that he sat on a committee that addressed Plaintiff's concerns, and referred Plaintiff to a Chaplain, in order that Plaintiff might obtain his requested diet by other means. In order to hold any of the Defendants liable, Plaintiff must allege some facts indicating that they were aware of an objectively serious medical condition, the seriousness of which is based on something other than Plaintiff's opinion. Because Plaintiff has not alleged facts indicating that any of the Defendants were deliberately indifferent, the complaint must be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

To the extent Plaintiff seeks to challenge the treatment he received, Plaintiff is advised of the following. A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a

purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)(citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers

Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed December 29, 2014, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated: **January 26, 2016**

UNITED STATES MAGISTRATE JUDGE